NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| REGINALD PRATHER,<br><br>    Plaintiff,<br><br>v.<br><br>SGT. BUNDY, et al.,<br><br>    Defendants. | Civil Action No. 13-1610 (JAP)<br><br>OPINION |

**APPEARANCES**:

    Reginald Prather
    67155/132001A
    W/C – 2 Right/31 Cell/Flats
    New Jersey State Prison
    P.O. Box 861
    Trenton, NJ 08625
    Petitioner Pro Se

    Christine H. Kim
    Office of the Attorney General
    State of New Jersey
    25 Market Street
    P.O. Box 112
    Trenton, NJ 08625
    Attorney for Defendant Sgt. Bundy

**PISANO, District Judge**:

    This matter comes before the Court upon a motion [ECF No. 17] by Defendant Sgt. Bundy to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6). Also before the Court are Plaintiff's motions for default judgment [ECF No. 20], cross motion [ECF No. 24], and for temporary restraining order [ECF No. 41]. The Court decides these matters without oral

argument pursuant to Federal Rule of Civil Procedure 78. For the reasons discussed below, the Court will grant the motion to dismiss the Complaint and deny Plaintiff's motions.

## I. BACKGROUND

Plaintiff, an inmate currently incarcerated at New Jersey State Prison in Trenton, New Jersey initially filed his complaint against Defendants Sgt. Bundy and Officer R. Defazio in the Superior Court of New Jersey, Law Division, Mercer County. Defendant Sgt. Bundy later filed a Notice of Removal [ECF No. 1] to this Court since the complaint alleges constitutional violations. Plaintiff's motion challenging the removal [ECF No. 6] was denied [ECF No. 42]. Defendant Sgt. Bundy filed a motion to dismiss [[ECF No. 17] and Plaintiff subsequently filed three motions: a motion for default judgment [ECF No. 20], a cross motion [ECF No. 24], and a motion for temporary restraining order [ECF No. 41]. Defendant Officer R. Defazio was never served. This Court issued a notice of call for dismissal pursuant to Federal Rule of Civil Procedure 4(m) [ECF No. 47] and thereafter Defendant Officer R. Defazio was dismissed [ECF No. 48].

Plaintiff's Complaint alleges that Defendants Sgt. Bundy and Officer R. Defazio, senior Corrections Officers employed by the New Jersey Department of Corrections, retaliated against Plaintiff after he assisted inmate Starr in writing a grievance complaint which was dated September 13, 2011. After subsequent disciplinary action against inmate Starr, Starr submitted Plaintiff's name as a witness on his behalf.

Plaintiff alleges that on October 4, 2011, he was locked in a mop and broom room for approximately one and a half hours during a search of his cell by Defendant Defazio. He states that during this time the cells of two other inmates were searched, however he alleges that those searches were less thorough and that those two inmates were locked in the mop and broom room

2

for less time than Plaintiff. Plaintiff argues that this was an act of retaliation because in the thirteen months prior (September 9, 2010 until October 4, 2011), Defendant Defazio never conducted a routine search of Plaintiff's cell. Plaintiff states that he did not file a grievance regarding the search.

Plaintiff was assigned to the inmate job of Unit 2 Left Unit Runner on October 18, 2011. Plaintiff alleges that, in retaliation for his support of inmate Starr, on October 24, 2011, Sgt. Bundy transferred Plaintiff from Unit 2 Left to Unit 6 Left under the guise of an emergent situation. Plaintiff states that the transfer placed him in a smaller cell and resulted in the loss of his Unit 2 Left Unit Runner job. Plaintiff asserts that there was a standing practice to not select for transfer inmates who held the job of unit runner. Plaintiff did file a grievance complaint regarding the transfer.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted." As here, when a complaining party comes to this court *pro se*, the Court must construe the complaint liberally in the favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). In such cases, the Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff. *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Thus, a complaint will survive a motion to dismiss if it contains sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).

When reviewing a motion to dismiss, courts must first separate the factual and legal

elements of the claims, and accept all of the well-pleaded facts as true. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

In order to survive a motion to dismiss, the plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This standard requires the plaintiff to show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. A "plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). When assessing the sufficiency of a civil complaint, a court must distinguish factual contentions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. Any legal conclusions are "not entitled to the assumption of truth" by a reviewing court. *Id.* at 679. Rather, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id. See also Fowler*, 578 F.3d at 210 (explaining that "a complaint must do more than allege a plaintiff's entitlement to relief").

Therefore, when reviewing the sufficiency of a complaint, a district court must use a three-part analysis. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) . First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Iqbal*, 556 U.S. at 675). Second, the court "should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 131 (quoting *Iqbal*, 556 U.S. at 680). Lastly, the court should assume the veracity of any well-pleaded factual allegations and

"then determine whether they plausibly give rise to an entitlement for relief." *Id.* (quoting *Iqbal*, 556 U.S. at 680).

### III. DISCUSSION

A. Defendant Sgt. Bundy's Motion to Dismiss

Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983. In order to establish a § 1983 claim, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (citations omitted). "Action under color of state law requires that one liable under § 1983 have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (internal quotation omitted).

   1. Eleventh Amendment Immunity

Plaintiff does not indicate in the complaint whether suit was filed against Sgt. Bundy in his individual and/or official capacity. If the Court construes the claims against Sgt. Bundy as brought against him in his official capacity, then the claims against Defendant Sgt. Bundy must be dismissed. The Eleventh Amendment bars suits by individuals against states or their agencies unless immunity has been waived. *See Pennsylvania Fed'n of Sportsman's Club, Inc., v. Hess*, 297 F.3d 310, 323-24 (3d Cir. 2002). Sovereign immunity "also bars a suit against a state official

in his or her official capacity because it 'is not a suit against the official but rather is a suit against the official's office.'" *Garden State Elec. Inspection Servs., Inc. v. Levin*, 144 Fed. Appx. 247, 251 (3d Cir. 2005) (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)).

Accordingly, any claims against Defendant Bundy in his official capacity will be dismissed with prejudice. However, to the extent that Plaintiff intended to sue Defendant Sgt. Bundy as an individual, the Court will analyze Plaintiff's claims to the extent that they are brought against Defendant Sgt. Bundy individually since the Eleventh Amendment does not bar a suit against a state official acting in his or her individual capacity, even if the actions which are the subject of the suit were part of their official duties. *See Hafer v. Melo*, 502 U.S. 21, 31 (1991).

2. First Section 1983 Retaliation Claim

Plaintiff's first section 1983 retaliation claim should be dismissed.[1] The allegations in the complaint related to incidents occurring on October 4, 2011 contain no factual allegations of any kind against Defendant Sgt. Bundy. In fact, those allegations relate only to actions by Defendant Defazio, who has been dismissed from this litigation. Personal involvement by a defendant is an indispensable element of a valid legal claim; such personal involvement may exist only where the named defendant violates plaintiff's rights either by executing the acts at issue or by directing others to do so. *See Baker v. Monroe Twp.*, 50 F.3d 1186, 1190-91 (3d Cir. 1995); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Where no personal involvement by the

---

[1] It appears that Plaintiff did not exhaust his administrative remedies as to this issue. While administrative exhaustion is a mandatory prerequisite to a prisoner filing a Section 1983 action, "failure to exhaust is an affirmative defense …, and … inmates are not required to demonstrate exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). If failure to exhaust administrative remedies is shown, a motion for summary judgment may be granted, *see*, *e.g.*, *Terrell v. Benfer*, 429 F. App'x 74, 77 (3d Cir. 2011), but the burden to establish due exhaustion cannot be shifted to the plaintiff until and unless the defendant makes a showing. *Oleson v. Bureau of Prisons*, 411 F. App'x 446 (3d Cir. 2011).

defendant is asserted, the plaintiff's claim against that defendant is subject to dismissal. *Rode*, 845 F.2d at 1207.

Since Plaintiff does not allege any personal involvement by Defendant Sgt. Bundy related to the first instance of retaliation, any claims against Defendant Sgt. Bundy with respect to the first alleged retaliation incident are subject to dismissal. Rule 8 of the Federal Rules of Civil Procedure requires a short and plain statement of the grounds of each claim against each named defendant. Since Plaintiff has not provided "enough facts to state a claim to relief that is plausible on its face," the first claim of retaliation will be dismissed as against Defendant St. Bundy. *See Bell Atl. Corp. v. Twombly*, 550 U.S. at 570.

3. Second Section 1983 Retaliation Claim

The second claim of retaliation, stemming from the October 24, 2011 relocation, does allege specific facts against Defendant Sgt. Bundy. However, this claim is also dismissible because Plaintiff has not alleged facts sufficient to sustain a claim of retaliation under section 1983.

"Retaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the Constitution…." *White v. Napoleon*, 897 F.2d 103, 111-12 (3d Cir. 1990). To prevail on a retaliation claim, a plaintiff must demonstrate that (1) he engaged in constitutionally-protected activity; (2) he suffered, at the hands of a state actor, adverse action "'sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights,'" and (3) the protected activity was a substantial or motivating factor in the state actor's decision to take adverse action. *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001) (quoting *Allah v. Seiverling*, 229 F.3d 220, 225 (3d Cir. 2000)).

As to the first prong, while it is true that the filing of inmate grievances is a constitutionally protected activity, *see Mearin v. Vidonish*, 450 F. App'x 100, 102 (3d Cir. 2011) (per curiam) ("[T]he filing of grievances and lawsuits against prison officials constitutes constitutionally protected activity.") (citing *Milhouse v. Carlson*, 652 F.2d 371, 373-74 (3d Cir. 1981), that is not the case here. Plaintiff does not allege that he was retaliated against for the filing of his own grievances; rather he suggests that his involvement with another inmate's grievance process was the catalyst to the alleged retaliation. Thus, he has not suggested that it was his own constitutionally protected activity which led to the alleged retaliation. Since Plaintiff has not shown that he was engaging in a constitutionally protected activity, his claim of retaliation does not appear sufficient to survive a motion to dismiss.[2] Plaintiff has not sufficiently pled, pursuant to *Iqbal*, factual allegations which plausibly support his claims of constitutional violations, and as such, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

B.  Plaintiff's Motions

Also pending before this Court are three motions filed by Plaintiff: a motion for default judgment [ECF No. 20], a cross motion [ECF No. 24], and a motion for temporary restraining order [ECF No. 41].

Federal Rule of Civil Procedure 55 provides that the clerk must enter default against a party who has failed to plead or otherwise defend the action. Defendant Sgt. Bundy, after receiving an extension from the Court, filed a timely motion to dismiss and as such Plaintiff's motion for default judgment will be denied.

---

[2] As to prongs two and three of the analysis, it appears that Plaintiff's claim would also fail because the alleged "adverse action" was Plaintiff's transfer to another housing unit. By Plaintiff's own admission, the transfer October 24, 2011 to another housing unit was a result of an emergent situation at the facility.

Since, as discussed above, the pending motion to dismiss will be granted, Plaintiff's cross motion is denied as moot.

Plaintiff's motion for injunctive relief will also be denied.[3] A preliminary injunction is "an extraordinary remedy" that should be granted only in limited circumstances. *Am. Tel. and Tel. Co. v. Winback and Conserve Program, Inc.*, 42 F.3d 1421, 1426-27 (3d Cir. 1994). In ruling on a motion for a preliminary injunction, the court must consider: (1) the likelihood that plaintiff will prevail on the merits at a final hearing; (2) the extent to which the plaintiff is being irreparably harmed by the conduct complained of; (3) the extent to which the defendant will suffer irreparable harm if the preliminary injunction is issued; and (4) the public interest. *Id.* (citing *Opticians Ass'n v. Indep. Opticians*, 920 F.2d 187 191-92 (3d Cir. 1990)). Here, the likelihood of success that Plaintiff would prevail on the merits of the retaliation claims alleged in his motion are low. He alleges that he has been subject to another transfer as a result of retaliation by Defendant Sgt. Bundy. However, as discussed above, Plaintiff is not entitled to relief on such an issue. Accordingly, Plaintiff's motion for a preliminary injunction will be denied.

## IV. CONCLUSION

For the foregoing reasons, Defendant Sgt. Bundy's motion to dismiss is granted. Plaintiff's motions are denied. An appropriate Order accompanies this Opinion.

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.

DATED: December 6, 2013

---

[3] The Court notes that Plaintiff's first filing with respect to this issue [ECF No. 38] was not ruled upon because Plaintiff did not comply with the Local Civil Rule 7.2. Plaintiff's pending motion [ECF No. 41] similarly is not in compliance with the rules regarding motions.